IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


JOHN GREEN                                              PLAINTIFF

VS.                            CIVIL ACTION NO. 5:06-cv-152(DCB)(JMR)

HIGHLAND HEALTH CLUB, INC.                              DEFENDANT


MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant, Highland
Health Club, Inc. ("Highland")'s motion for summary judgment
**(docket entry 28).**  Having carefully considered the motion and
response, the memoranda and applicable law, and being fully advised
in the premises, the Court finds as follows:

The plaintiff, John Green, on March 25, 2006, tripped and fell
on the sidewalk adjacent to the defendant's building in Natchez,
Mississippi.  The plaintiff alleges that the defendant's premises
were not in a reasonably safe condition, and that because of the
condition of the sidewalk, he tripped on an uneven and unmarked
portion of the concrete.  The defendant moves for summary judgment
on the grounds that no dangerous condition existed and that it was
not negligent in any way.

A grant of summary judgment is appropriate when, viewed in the
light most favorable to the nonmoving party "... the pleadings,
depositions, answers to interrogatories and admissions on file,
together with the affidavits, if any, show that there is no genuine
issue as to any material fact ... ."  Fed.R.Civ.P. 56(c).  In

determining whether there are any genuine issues of material fact,

this Court must first turn to the applicable law to discern what

factual issues are, indeed, material.  Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 248 (1986); Fields v. City of South Houston,

Tex., 922 F.2d 1183, 1187 (5th Cir. 1991).  Then, the Court must

examine the evidence of the type listed in Rule 56(c) to detect the

existence or non-existence of a material issue.   Id. at 1187.

Further, "... summary judgment will not lie if the dispute about a

material fact is 'genuine,' that is, if the evidence is such that

a reasonable jury could return a verdict for the nonmoving party."

Anderson, 477 U.S. at 248.  The Fifth Circuit has added:

> Both the Supreme Court and this circuit have addressed,
> at length, how much evidence the nonmoving party must
> present.  The Supreme Court explained that the standard
> for granting summary judgment mirrors the standard for a
> directed verdict. ...  "[T]he mere existence of some
> alleged factual dispute between the parties will not
> defeat an otherwise properly supported motion for summary
> judgment ... ."  ... Nor is the "mere existence of a
> scintilla of evidence" sufficient ... .  This circuit has
> described the amount of evidence the nonmoving party must
> bring forward as "significant probative evidence." ...
> This may be equated with the "substantial evidence"
> standard used to determine whether a directed verdict is
> appropriate.

State Farm Life Ins. Co. v. Gutterman, 896 F.2d 116, 118 (5th Cir.

1990)(citations omitted).

The moving party bears the initial burden of establishing the

absence of genuine issues of material fact.   Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986); Lavespere v. Niagara Mach. &

Tool Works, 910 F.2d 167, 178 (5th Cir. 1990).

Once the burden of the moving party is discharged, the burden shifts to the nonmoving party to go beyond the pleadings and show that summary judgment is inappropriate, by establishing the existence of all of the essential elements of that party's cause of action on which the nonmovant will bear the burden of proof at trial.  Lavespere, 910 F.2d at 178; Carpenter v. Gulf States Mfrs., Inc., 764 F.Supp. 427 (N.D. Miss. 1991).  The nonmoving party cannot successfully defeat a motion for summary judgment through the use of unsworn statements or suggestions of imminent supporting proof at trial.  Pope v. Mississippi Real Estate Comm., 695 F.Supp. 253 (N.D. Miss. 1988), aff'd 872 F.2d 127 (5th Cir. 1989).  The nonmoving party is obligated to oppose the motion either by referring to evidentiary material already in the record or by submitting additional evidentiary documents which set out specific facts indicating the existence of a genuine issue for trial. Fed.R.Civ.P. 56(e); Fields, 922 F.2d at 1187.  If the opponent fails in his duty, summary judgment is implicated.  Id.

The Court must view the evidence submitted by the parties in the light most favorable to the nonmoving party.  McPherson v. Rankin, 736 F.2d 175, 178 (5th Cir. 1984).  In addition, the Court must "indulge every reasonable inference from [the] facts in favor of the party opposing the motion."  Powers v. Nassau Development Corp., 753 F.2d 457, 462 (5th Cir. 1985).

Under Mississippi law, in a premises liability case the Court

must first establish the status of the injured party: invitee, licensee, or trespasser. <u>Thompson v. Chick-Fil-A, Inc.</u>, 923 So.2d 1049, 1052 (Miss.Ct.App. 2006). In this case, it is undisputed that Green was a business invitee of the defendant.[1]

The second step is to establish the duty owed by the defendant to the plaintiff. <u>Id</u>. It should be noted here that a determination of the defendant's legal status vis-a-vis the sidewalk on which Green fell is part of the plaintiff's necessary prima facie case. <u>Brookhaven Funeral Home, Inc. v. Hill</u>, 820 So.2d 3, 6 (Miss.Ct.App. 2002). In this case, neither side contends that the sidewalk in question was a municipal sidewalk. The plaintiff contends in his complaint that the sidewalk "was negligently constructed and maintained by the servants and employees of the Defendant, and it contained a defect which was allowed to exist by it without warning to business and public invitees of the dangerous

---

[1] The plaintiff's complaint alleges that he was a business invitee. Complaint, ¶ 2. Under Mississippi law, "an invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage, while a licensee is one who enters upon the property of another for his own convenience, pleasure or benefit pursuant to the license or implied permission of the owner." <u>Martin v. B.P. Exploration & Oil, Inc.</u>, 769 So.2d 261, 263-64 (Miss.App. 2000)(citing <u>Hoffman v. Planters Gin Co., Inc.</u>, 358 So.2d 1008, 1011 (Miss. 1978)). "A business invitee is one who is invited to enter or remain on the premises for a purpose connected with the business, while a public invitee is characterized as one who is invited to enter or remain on the premises as [a] member of the public for a purpose for which the land is held open to the public." <u>Id</u>. at 264 (citing <u>Clark v. Moore Memorial United Methodist Church</u>, 538 So.2d 760, 763 (Miss. 1989)).

condition." Complaint, ¶ 2. Where a private landowner owns or maintains the sidewalk, it is responsible for maintaining its sidewalk in a reasonably safe condition. Stanley v. Morgan & Lindsey, Inc., 203 So.2d 473, 476 (Miss. 1967). It therefore is incumbent on the plaintiff to show either that negligent conduct on the part of the defendant caused a dangerous condition on the sidewalk to arise, or that the defendant had occupation or possession and control of the sidewalk in question. Hill, 820 So.2d at 6 (citing Wilson v. Allday, 487 So.2d 793, 796 (Miss. 1986)). The defendant does not assert that it did not have occupation or possession and control of the sidewalk; thus, the Court assumes that the defendant had occupation or possession and control of the sidewalk.

A business invitee "must prove either that [the defendant's] negligence injured [him], that [the defendant] had knowledge of the dangerous condition and failed to warn [him], or that the condition existed for a sufficient amount of time so that [the defendant] should have had knowledge or notice of the condition." Thompson, 923 So.2d at 1052 (citing Anderson v. B.H. Acquisition, Inc., 771 So.2d 914, 918(¶8); Downs v. Choo, 656 So.2d 84, 86 (Miss. 1995)).

However, "the owner of a business does not insure the safety of its patrons." Id. "There is no duty to warn of a defect or danger which is as well-known to the invitee as to the landowner, or of dangers that are known to the invitee, or dangers that are

5

obvious or should be obvious to the invitee in the exercise of ordinary care." Id. (citing Grammar v. Dollar, 911 So.2d 619, 624 (Miss.App. 2005)). "[T]he owner of a business owes a duty to an invitee to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of dangerous conditions not readily apparent, which the owner or occupant knows of, or should know of, in the exercise of reasonable care." Id. (citing Robinson v. Ratliff, 757 So.2d 1098, 1101 (Miss.App. 2000)).

The third step is to determine whether the defendant breached the duty it owed to the plaintiff. Mississippi law provides three theories upon which a plaintiff may rely in a premises liability claim: (1) that the defendant's own negligence created a dangerous condition which caused the plaintiff's injury; (2) that the defendant had actual knowledge of a dangerous condition but failed to adequately warn the plaintiff of the danger; and/or (3) that the dangerous condition existed for a sufficient amount of time so that the defendant should have known of the dangerous condition. Id. (citing Anderson v. B.H. Acquisition, Inc., 771 So.2d 914, 918 (Miss. 2000)(citing Downs v. Choo, 656 So.2d 84, 86 (Miss. 1995))).

Under each theory, the plaintiff must first prove that a dangerous condition existed. Davis v. United States of America, 2006 WL 533413 *3 (N.D. Miss. March 3, 2006)("The first essential question to be addressed is whether an unreasonably dangerous

condition existed."). It is axiomatic that "[i]n order for [the plaintiff] to prove some dangerous condition existed which led to [the plaintiff's] fall, evidence must be given." <u>Young v. Wendy's International, Inc.</u>, 840 So.2d 782, 784 (Miss.App. 2003). The plaintiff "must bring forward 'significant probative evidence demonstrating the existence of a triable issue of fact.'" <u>Id</u>. (quoting <u>Newell v. Hinton</u>, 556 So.2d 1037, 1041 (Miss. 1990). The plaintiff is not allowed to rely on the mere fact that the accident occurred in order to show the existence of a dangerous condition. <u>Id</u>.

In this case, Highland contends that Green has set forth no evidence other than the accident itself to show that the sidewalk was unreasonably dangerous. Highland asserts:

> Plaintiff has alleged that a 'rise' in the sidewalk caused his fall. There is no question that the area of the fall was not a dangerous condition and was readily apparent to pedestrians. Defendant breached no duty owed to Plaintiff as an invitee to the premises. The facts supporting Plaintiff's allegations against Defendant, Highland Health Club, Inc., fall well short of supporting a claim of negligence and summary judgment should be granted by this Court.

Motion for Summary Judgment, ¶ 12. On the other hand, Green asserts the following:

> As Mr. Green walked down the sidewalk adjacent to Defendant's building, he turned the corner on the sidewalk and tripped on a portion of concrete at the corner at the building that was uneven and not otherwise marked.

Plaintiff's Brief in Response, p. 2. In his deposition, the

plaintiff states the following:

> ... I walked around and back up, got on the walk, come
> around, and when I turned the corner, I was looking to
> make sure there wasn't nobody that I was going to walk
> into, you know.  And I turned that corner, and just as I
> turned the corner, my eyes went up to the door to go in
> the door and the uneven cement that's higher than the
> other and the same color of the cement, I didn't – I
> tripped over it.

Deposition of John Green, p. 36.

> When I turned the curve, I was looking at the door there
> and my foot hung in that thang [sic] there and drove me
> down.

Id., p. 40.

Based on the limited record before the Court, there appears to
be a dispute concerning the cause of the accident.  Highland
contends that the accident was caused solely by a slight difference
in elevation between two sections of sidewalk, and the plaintiff's
failure to watch where he was going.  Green states that he was
prevented from seeing where he was stepping by the location of the
corner of the building and the position of the door relative to the
alleged defect in the sidewalk.  Mississippi courts have routinely
held that normally encountered dangers such as thresholds, curbs,
and steps are not considered dangerous conditions.  See McGovern v.
Scarborough, 566 So.2d 1225, 1228 (Miss. 1990).  Nevertheless, a
genuine issue of material fact can exist regarding how the
condition was normally encountered, as well as how it was
encountered by the plaintiff.  See Wooten v. Wal-Mart Stores, Inc.,
104 Fed.Appx. 977, 978 (5th Cir. 2004)(citing Lucas v. Buddy Jones

Ford Lincoln Mercury, Inc., 518 So.2d 646, 648 (Miss. 1988)(business owner owes invitee duty of exercising reasonable care to keep premises safe, or warn of hidden or concealed perils of which it knew or should have known in the exercise of reasonable care)). The Court therefore finds that there are genuine issues of material fact concerning whether the condition of the sidewalk as alleged by the plaintiff was a condition normally encountered on business premises, and whether the condition of the sidewalk was readily noticeable to one paying attention. See McNamee v. Jackson Simon Limited Partnership, 2002 WL 31845178 (5th Cir. Dec. 3, 2002).

Of course, the mere presence of a factual dispute concerning the presence of a dangerous condition does not mean the plaintiff survives summary judgment. He must also present evidence (1) that the defendant's own negligence created a dangerous condition which caused his injury; (2) that the defendant had actual knowledge of a dangerous condition but failed to adequately warn him of the danger; and/or (3) that the dangerous condition existed for a sufficient amount of time so that the defendant should have known of the dangerous condition. Thompson, 923 So.2d at 1052. The plaintiff has the burden of producing evidence sufficient to establish the tort elements of duty, breach of duty, proximate causation, and injury. Palmer v. Anderson Infirmary Benevolent Ass'n, 656 So.2d 790, 794 (Miss. 1995). On the other hand, in order to prevail the party moving for summary judgment must

demonstrate the lack of a genuine issue of material fact.  <u>Union</u>
<u>Planters Nat. Leasing v. Woods</u>, 687 F.2d 117 (5th Cir. 1982).  The
Court finds on the limited record before it, and construing all
disputed facts and inferences in the plaintiff's favor, that there
are genuine issues of material fact concerning the defendant's
knowledge.  <u>See</u>  <u>Drennan v. Kroger Co.</u>, 672 So.2d 1168, 1170 (Miss.
1996)("Constructive knowledge [of a dangerous condition] is present
where, based on the length of time that the condition existed, the
operator exercising reasonable care should have known of its
presence.").   Under Mississippi law, negligence in a premises
liability action "may be proven even by circumstantial evidence,
that is evidence of a fact, or a set of facts, from which the
existence of another fact may reasonably be inferred."  <u>Hardy v. K</u>
<u>Mart Corp.</u>, 669 So.2d 34, 38 (Miss. 1996)(internal quotations and
citation omitted).  However, the "circumstantial evidence must be
such that it creates a legitimate inference that places it beyond
conjecture."  <u>Id</u>.

     Neither side has presented conclusive evidence in support of
its position regarding either actual knowledge or constructive
knowledge.   This premises liability negligence action therefore
presents a factual question subject to different determinations,
and summary judgment must be denied.  <u>See</u> <u>id</u>. at 39 (although it
was not evident whether the defendant had actually been negligent
or, if it had, whether the negligence was the cause of the fall,

the court refused to grant summary judgment because the plaintiff might have made out a case if "the facts in this matter [had] been more fully developed").  Accordingly,

IT IS HEREBY ORDERED that the defendant Highland Health Club, Inc.'s motion for summary judgment **(docket entry 28)** is DENIED.

SO ORDERED, this the ___9th___ day of January, 2008.


                                    __s/ David Bramlette_____
                                    UNITED STATES DISTRICT JUDGE

11