```
                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                             WESTERN DIVISION
```

JOHN GREEN                                                    PLAINTIFF

VS.                        CIVIL ACTION NO. 5:06-cv-152(DCB)(JMR)

HIGHLAND HEALTH CLUB, INC.                                    DEFENDANT

ORDER

This cause is before the Court on the defendant, Highland Health Club, Inc. ("Highland")'s motion in limine to exclude evidence of liability insurance **(docket entry 33)**; motion in limine **(docket entry 34);** and motion in limine to exclude evidence of dangerous condition **(docket entry 35).** Having carefully considered the motions and responses, and being fully advised in the premises, the Court finds as follows:

As for the first motion (docket entry 33), the plaintiff concedes that evidence that a party was or was not insured against liability is not admissible on the issue of whether the party acted negligently or otherwise wrongfully.

The second motion (docket entry 34) seeks to exclude (1) any questioning of prospective jurors by plaintiff's counsel as to whether they could award a certain specified amount of actual damages if the evidence justified or supported it; (2) any evidence of prior verdicts or judgments against the defendant; (3) any questioning of prospective jurors asking them to stand in the plaintiff's shoes, or use of the "Golden Rule"; (4) any reference

to the defendant's financial condition.  The plaintiff concedes each portion of the motion except for the first.  Both parties are entitled to use voir dire to expose juror biases affecting their ability to render a fair and impartial verdict.  Whether jurors could or could not award substantial or very substantial damages if they were justified by the proof is an acceptable inquiry under Mississippi law.  See Tighe v. Crosthwait, 665 So.2d 1337, 1341 (Miss. 1995).  This portion of the motion shall be held in abeyance, however, until the parties reveal to the Court the specific question proposed and specific objection, if any, thereto.

The third motion (docket entry 35) seeks to exclude evidence of a dangerous condition.  The defendant argues that the plaintiff has not designated an expert to identify a condition of the defendant's premises that constitutes a dangerous condition. While it is true that certain conditions might require use of an expert to explain the properties of the condition to the jury, there is nothing presently before the Court to show that the condition of the defendant's sidewalk is one requiring expert testimony.  The motion shall therefore be denied.  Accordingly,

IT IS HEREBY ORDERED that the defendant, Highland Health Club, Inc.'s motion in limine to exclude evidence of liability insurance **(docket entry 33)** is GRANTED;

FURTHER ORDERED that the defendant's motion in limine **(docket entry 34);** is GRANTED as to parts (2), (3) and (4), and HELD IN

ABEYANCE as to part (1);

FURTHER ORDERED that the defendant's motion in limine to exclude evidence of dangerous condition **(docket entry 35)** is DENIED.

SO ORDERED, this the __16th__ day of January, 2008.

                                                 s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE